Pet. Equity.

Case 23.

Trustees of Lebanon *vs.* Forrest, &c.

APPEAL FROM MARION CIRCUIT.

1. A petition in equity is an appropriate remedy to establish a right to a street in a town, which is alleged to have been dedicated to public use.

2. By the Code of Practice, section 7, page 3, "an error of the plaintiff as to the kind of proceeding adopted shall not cause an abatement or dismissal of the action, but merely a change into the proper proceeding by an amendment in the pleadings, and a transfer of the action to the proper docket."

3. A demurrer is not the appropriate mode of raising the question whether the proceeding should have been at law or in equity. It is only applicable to the question of jurisdiction under the 120th section of the Code of Practice, when the question is whether the court has jurisdiction either at law or in equity

4. The 12th section of the Code requires that when the petition is in equity, when it should have been at law, or at law when it should have been in equity, it is to be reached by motion, and if not so moved it is waived.

Case stated.

The trustees of Lebanon, and others holding lots in the town of Lebanon, filed their petition in equity in the Marion Circuit Court against Green Forrest, heir-at-law of Richard Forrest, deceased, in which they allege in substance that Richard Forrest, being the owner of land adjoining the town of Lebanon, procured the .passage of two acts at its sessions of 1831 and 1833–4, of the Legislature of Kentucky, adding a part of his land to the town of Lebanon, and authorizing the trustees of Lebanon to sell said land in lots. It is alleged that Richard Forrest procured one John B. Hayden to survey and lay off said land into lots and streets, and laid down on a plat showing lots and streets, which was furnished to the trustees and entered of record, and that the greater part of the lots were sold. That Forrest, being interested in making the lots bring a good price, the plat furnished by him to the trustees, was exhibited to the purchasers to show the relative position of lots and streets. That many of the lots being unimproved,

TRUSTEES OF
LEBANON
vs.
FOREST, &c.

lay out as a common for many years. That Richard Forrest having died, leaving the defendant, Green Forrest, his only child and heir-at-law, said Green entered upon and inclosed a part of the cross streets laid off by Hayden on the map furnished to the trustees, on the north side of Main street, and that the defendant Rountree, as his tenant, has inclosed that part of the same street south of Main street. That on said cross street lies on the west lots 82, 98, 114, and 130, and on the east 99, 115, and 131; a copy of the map is exhibited. It is further alleged that that part of the town is now fast improving, and buildings are being erected, and the street is necessary to the proper enjoyment, by the owners of the lots, of their property. A portion of the lot owners on the street so obstructed unite with the trustees in the petition. They exhibit deeds for the lots which they claim.

To the petition of the plaintiff the defendant filed a demurrer, which was sustained by the Circuit Court, and the plaintiffs have appealed to this court.

*J. Shuck,* for appellant—

Every objection which is not set down as ground of demurrer specifically is waived. (*See Code of Practice, sections* 120 *to* 123.) If the grounds of demurrer be good, then the court should have ordered the case to the common law docket. (*See Code of Practice,* 7, 8, 9.) But the case is one of equity jurisdiction, and was properly placed on the equity docket.

Upon demurrer the facts alleged are taken to be true. It is then admitted that Richard Forrest did dedicate to the town the streets laid off upon the map as an inducement to purchasers to buy the lots on the streets. Can the trustees of the town, or an individual owning real estate in the town, maintain a bill against one who obstructs the streets by fencing them up, when they have been dedicated to public use? In the case of *Rowan's ex'ors vs. The town of Portland,* 8 *B. Monroe,* 230, the rights and immuni-

TRUSTEES OF·
LEBANON
vs.
FOREST, &c.
ties of a town and its citizens in the streets is very
fully discussed. That was in chancery. Though it
is not distinctly stated that the trustees were parties,
we infer that they were, from the fact that certain por-
tions of the ground in controversy were by the man-
date of this court directed to be surrendered to the
trustees. No question of jurisdiction was made in
that case.

In the case of *A. Vanberger vs. H. Vanberger*, 2
*Johnson's Ch. Rep.*, the power of the court of chan-
cery to abate a nuisance is directly asserted, the
chancellor saying: "I can order them to be abated as
well as restrain them from being erected."

*Rountree & Fogle*, for appellees—

We think the decision of the Circuit Court correct.
The trustees show no sufficient grounds for resorting
to a court of equity; they show no obstacle to com-
plete redress in a court of law. If at the time
Richard Forrest procured the passage of the act of
the Legislature adding the land in contest to the town
of Lebanon, he is to be regarded as holding the legal
title and in possession, and by said act the legal title
and possession passed to the trustees, then we per-
ceive no reason why a suit at law might not be pros-
ecuted, and all proper relief afforded. If it could,
that is the appropriate remedy. The suit cannot be
maintained on the ground that the trustees have the
legal title and possession, or either. Their petition
does not assert that fact; though it is inferable that
they assert title, they do not assert possession. So
their suit cannot be maintained to quiet possession.
The trustees do not ask the interposition of the chan-
cellor to aid a common law proceeding, nor to pre-
vent a multiplicity of suits; nor to aid a defective
equitable title. We cannot comprehend from the
face of the petition under what head of equitable
jurisdiction the petitioners desire to come into equity.

The authorities show that when the remedy is
complete at law there can be no resort to equity.

TRUSTEES OF
LEBANON
*vs.*
FOREST, &c.

A party cannot resort to equity merely to be let into possession. (*Ormsby vs. Phillips*, 4 *Dana*, 255.) In order to come into equity to quiet possession the party must have the legal title and the possession. (*Loftus vs. Cates*, 1 *Mon.* 97; *Trustees of Louisville vs. Gray*, 1 *Litt.* 147.) The plaintiffs in this case do not allege title, and only leave it to be inferred that they have the possession. If the trustees have the legal title, then their remedy at law is clear. (*Thomas &c. vs. Ferguson*, 2 *J. J. Marshall*, 28.)

The trustees made no motion to transfer the case according to section 8 of the Code of Practice. By section 12 of the Code unless the decision of the court be excepted to at the time, it is regarded as waived. We do not suppose the court would force a party to go from equity to law against his consent; he may prefer to go out of court as in this case. We think the trustees have no right to complain of the decision of the court not excepted to at the time it was given.

The idea of a dedication is repelled by the facts appearing. Richard Forrest was required by the trustees to deed two streets which he conveyed. Why was it not required that any more should pass? If it was intended that all the ground embraced by the map should pass, why was it not embraced in the conveyance? The case of *Portland vs. Rowan* is not analogous to this, and does not apply. We think the decree right, and ask an affirmance.

Chief Justice MARSHALL delivered the opinion of the Court—

December 30.

According to the statements of the petition, there was a dedication by Forrest of the street called Forrest street, in his addition to the town of Lebanon, and yet there being no conveyance of said street by deed to the trustees, it seems to us that whether an ejectment could or could not have been maintained by the trustees against the intruders upon it, the remedy in equity for permanently establishing and de-

1. A petition in equity is an appropriate remedy to establish a right to a street in a town which is alleged to have been dedicated to public use.

2. By the Code of Practice, section 7, page 3, "an error of the plaintiff as to the kind of proceeding adopted shall not cause an abatement or dismissal of the action, but merely a change into the proper proceeding by an amendment in the pleadings, and a transfer of the action to the proper docket."

3. A demurrer is not the appropriate mode of raising the question whether the proceeding should have been at law or in equity. It is only applicable to the question of jurisdiction under the 120th section of the Code of Practice, when the question is whether the court has jurisdiction either at law or in equity.

claring the right is not only sustainable, but is altogether the most suitable. Besides, it is expressly declared by the original as well as the amended Code, (New Code, sec. 7,) that an error as to the kind of proceedings shall not cause the abatement or dismissal of the action, but merely change it into the proper proceeding by amendment, and a transfer to the proper docket, for effecting which by either party the proper mode is pointed out in the following sections. But a demurrer is not one of these modes, and is not applicable to the question, whether the proceeding should have been at law or in equity, it is only applicable to the question of jurisdiction, under the 120th section of the Code, when the court in which the action is brought has no jurisdiction of it either at law or in equity. This is manifest from the 12th section, which declares that an error as to the kind of proceedings adopted in the action, is waived by a failure to move for its correction in the time and manner prescribed in that chapter, which does not name a demurrer, and therefore excludes it.

Wherefore, the judgment is reversed and the cause remanded with directions to disregard or overrule the demurrer, and for further proceedings.

4. The 12th section of the Code requires that when the petition is in equity, when it should have been at law, or at law when it should have been in equity, it is to be reached by motion, and if not so moved it is waived.